# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex rel. SEAN REYNOLDS (#R19688), | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) Case No. 10 C 3856<br>)<br>) |
| RANDY DAVIS, Warden, Pickneyville Correctional Center, | )<br>)<br>) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On June 21, 2010, pro se Petitioner Sean Reynolds filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d). Before the Court is Respondent's motion to dismiss Reynolds' habeas petition as untimely. *See* 28 U.S.C. § 2244(d)(1)(A). For the following reasons, the Court grants Respondent's motion and dismisses Reynolds' habeas petition as time-barred. The Court also denies Reynolds' motion to strike pursuant to Federal Rule of Civil Procedure 12(f).[1] Finally, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## BACKGROUND

Petitioner Sean Reynolds is in the custody of Respondent Randy Davis, Warden of the

---

[1] Not only are motions to strike pursuant to Federal Rule of Civil Procedure 12(f) disfavored, *see Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1405-1406 (7th Cir. 1991), the substance of Reynolds' motion is that of a response to Respondent's timeliness arguments. *See United States v. Boyd,* 591 F.3d 953, 956 (7th Cir. 2010) (it is the substance of a motion, not its label, that controls how courts treat the request). Therefore, the Court considers Reynolds' motion to strike as a response brief to Respondent's motion to dismiss.

Pinckneyville Correctional Center in Pinckneyville, Illinois. On November 9, 1998, after a jury trial in the Circuit Court of Cook County, Illinois, Reynolds was convicted of first degree murder in Cook County Case No. 96 CR 14374 and the trial court sentenced him to fifty years imprisonment. Reynolds appealed his judgment of conviction, and on May 14, 2001, the Illinois Appellate Court affirmed Reynolds' conviction and sentence. Reynolds did not file a petition for leave to appeal ("PLA") in the Supreme Court of Illinois. In addition, Reynolds did not file a petition for writ of certiorari to the United States Supreme Court.

From May 15, 2001 until March 4, 2003, nothing was pending in connection with Cook County Case No. 96 CR 14374 in the Illinois courts. On March 4, 2003, Reynolds filed a post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq.*, in the Circuit Court of Cook County. On August 22, 2007, the Circuit Court of Cook County orally dismissed the post-conviction petition finding that it was untimely and patently without merit. *See* 725 ILCS 5/122-1(a)(2). Reynolds appealed, and on May 8, 2009, the Illinois Appellate Court affirmed the Circuit Court's dismissal. Reynolds then filed a PLA to the Supreme Court of Illinois, which the Supreme Court of Illinois denied on September 30, 2009. Also, Reynolds did not file a petition for a writ of certiorari to the United States Supreme Court.

On June 21, 2010, Reynolds filed the present petition for habeas corpus relief under 28 U.S.C. § 2254(d). Construing Reynolds' pro se petition liberally, *see McGee v. Bartow,* 593 F.3d 556, 565-66 (7th Cir. 2010), he raises the following claims: (1) his counsel on direct appeal rendered constitutionally ineffective assistance of counsel by failing to argue that trial counsel did not object to Illinois Criminal Pattern Jury Instruction 3.15; (2) his post-conviction counsel was ineffective during his post-conviction proceedings in the Circuit Court of Cook County; (3)

2

he was denied access to the post-conviction Illinois Appellate Court; and (4) his post-conviction appellate counsel rendered ineffective assistance of counsel when counsel failed to object to the State's post-conviction appellate brief.

## LEGAL STANDARD

A habeas petitioner has one year from the time at which his state court judgment became final to file a habeas petition in federal court. *See Martinez v. Jones,* 556 F.3d 637, 638 (7th Cir. 2009). This one year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one year limitations period is tolled while properly filed post-conviction petitions are pending in the Illinois courts. *See Ray v. Boatwright,* 592 F.3d 793, 798 (7th Cir. 2010); 28 U.S.C. § 2244(d)(2).

## ANALYSIS

The Court first turns to the date upon which Reynolds' judgment became final to determine whether he filed the present habeas petition in a timely matter. *See* 28 U.S.C. § 2244(d)(1)(A). Reynolds' judgment became final on June 4, 2001, which was twenty-one days after the Illinois Appellate Court's decision on direct appeal because Reynolds failed to file an

3

affidavit of intent to file a PLA to the Supreme Court of Illinois. To clarify, during the relevant time period, under Supreme Court of Illinois Rule 315(b), Reynolds had twenty-one days to file an affidavit of intent to file a PLA. *See Wauconda Fire Protection Dist. v. Stonewall Orchards, LLP,* 214 Ill.2d 417, 425, 293 Ill.Dec. 246, 828 N.E.2d 216 (2005). Because Reynolds did not file his post-conviction petition until March 4, 2003, the time between June 4, 2001 and March 4, 2003 was not tolled. *See Ray,* 592 F.3d at 798. As such, the one year limitations period began to run on June 5, 2001, the day after Reynolds' judgment became final.

From June 5, 2001 until March 4, 2003 – which was the date that Reynolds filed his post-conviction petition in the Illinois courts – 637 days of untolled time lapsed. Moreover, following the conclusion of his post-conviction proceedings in the Illinois state courts on September 30, 2009, an additional 263 untolled days ran because Reynolds did not file the present habeas petition until June 21, 2010. Accordingly, Reynolds missed the one year statute of limitations by 535 days.

In response to Respondent's motion to dismiss, Reynolds filed a Rule 12(f) motion to strike that the Court interprets as his response brief to the motion to dismiss. Construing his pro se arguments liberally, *see McGee,* 593 F.3d at 565-66, Reynolds first argues that a state-created impediment prevented him from filing a timely habeas petition. *See* 28 U.S.C. § 2244(d)(1)(B). In particular, Reynolds argues "[w]ith the appointment of counsel[,] the post conviction court placed an impediment upon petitioner's ability to secure his right of access, by denying to him physical access to a prison law library and research materials." (R. 15-1, Resp. at 3.) In other words, Reynolds contends that the denial of his access to the law library was a state-created impediment.

4

Section 2244(d)(1)(B) allows a petitioner to "file a habeas corpus petition within one year from 'the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.'" *Lloyd v. Van Natta*, 296 F.3d 630, 632-33 (7th Cir. 2002) (quoting 28 U.S.C. § 2244(d)(1)(B)); *see also Moore v. Battaglia*, 476 F.3d 504, 506-07 (7th Cir. 2007). Although the Seventh Circuit has yet to define "impediment" for purposes of this subsection, it has emphasized that "the plain language of the statute makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition." *Lloyd,* 296 F.3d at 633 (emphasis in original). Reynolds has the burden of establishing that the statutory tolling provision applies. *See Jackson v. Secretary for Dep't Corr.,* 292 F.3d 1347, 1349 (11th Cir. 2002); *Strong v. Gaetz,* 07 C 0435, 2009 WL 3060267, at *9 (N.D. Ill. Sep. 21, 2009).

Reynolds bases his state impediment argument on his access to the prison law library. The "Constitution protects a prisoner's right of access to the courts; state actors must respect that right by not impeding prisoners' efforts to pursue legal claims." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). Access to adequate law libraries is one acceptable method of assuring the meaningful access to courts under the Fifth Amendment. *See Bounds v. Smith,* 430 U.S. 817, 830, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *see also Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). A criminal defendant who is represented by counsel, however, enjoys meaningful access to courts despite his inability to access a prison library. *See Campbell v. Clarke,* 481 F.3d 967, 968 (7th Cir. 2007) ("access to legal materials is required only for unrepresented litigants") (citing *Bounds*, 430 U.S. at 830-32); *see also DeMallory v. Cullen,* 855 F.2d 442, 446 (7th Cir. 1988) (state officials must provide inmates with either adequate law

5

libraries or personal assistance of legally trained personnel, but not both).

Here, Reynolds had court appointed post-conviction counsel, and thus his underlying access to courts argument is unavailing. *See Campbell,* 481 F.3d at 968. As such, Reynolds has failed in his burden of establishing that the statutory tolling provision applies. *See Jackson,* 292 F.3d at 1349; *Strong*, 2009 WL 3060267, at *9.

Moreover, Reynolds' argument under Section 2244(d)(1)(D) that he did not discover the factual predicate of his habeas claims based on post-conviction counsel's performance and post-conviction errors until after March 2003 are equally unavailing because these claims are not cognizable on habeas review in the first instance. Specifically, his ineffective assistance of post-conviction counsel claims are not cognizable because criminal defendants do not have a Sixth Amendment right to post-conviction counsel. *See Coleman v. Thompson,* 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (citing *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)); *see also* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). In addition, Reynolds' other habeas claim based on the post-conviction proceedings fails because errors in state collateral proceedings cannot form the basis of habeas corpus relief. *See Montgomery v. Meloy,* 90 F.3d 1200, 1206 (7th Cir. 1996) ("No constitutional provision or federal law entitles [a habeas petitioner] to any state collateral review.").

Finally, any argument that Reynolds did not discover the factual predicate of his claim based on trial counsel's failure to object to Illinois Criminal Pattern Jury Instruction 3.15 fails because this information was a matter of record clearly discoverable when his judgment became

final. *See Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir. 2000) (tolling under Section 2244(d)(1)(D) does not begin when petitioner "actually understands" what legal theories are available, but when petitioner knows – or through diligence could discover – certain legal theories). Thus, Reynolds' argument that he did not know about his claim until an inmate told him that an unspecified court had overturned Illinois Criminal Pattern Jury Instruction 3.15 fails, especially because no Illinois court has overturned this jury instruction. Instead, Illinois courts have consistently held that this jury instruction should be read in the conjunctive and not the disjunctive since well before Reynolds was convicted. *See People v. Slim,* 127 Ill.2d 302, 307-308, 31 Ill.Dec. 250, 537 N.E.2d 317 (Ill. 1989). Therefore, Reynolds – through due diligence – could have discovered this claim well before March 2003. Thus, Reynolds' statutory tolling arguments fail.

## CERTIFICATE OF APPEALABILITY

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Reynolds a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in this order.

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El,* 537 U.S. at 336; *Evans v. Circuit Court of Cook County, Ill.,* 569 F.3d 665, 667 (7th

7

Cir. 2009). Under this standard, Reynolds must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). In cases where a district court denies a habeas claim on procedural grounds, the Court should issue a certificate of appealability if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

Here, the Court can find no reason why reasonable jurists would debate or disagree with this Court's ruling on whether Reynolds' habeas petition is untimely. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For these reasons, the Court grants Respondent's motion to dismiss Reynolds' petition for a writ of habeas corpus as time-barred and denies Reynolds' Motion to Strike. Further, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** October 22, 2010

            **ENTERED**

            _____
            **AMY J. ST. EVE**
            **United States District Judge**